IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMUEL ELLIOTT,

    Petitioner,

v.                                              Civ. No. 21-226 KG/GBW
                                               Cr. No. 14-3822 KG/GBW

UNITED STATES OF AMERICA,

    Respondent.

## ORDER APPOINTING COUNSEL

THIS MATTER is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (*doc. 1*) ("Motion"), and Memorandum in Support thereof (*doc. 2*) and pursuant to the Court's Order of Reference Relating to Prisoner Cases (*doc. 26*). Because the Court finds pursuant to § 2255(b) that an evidentiary hearing will be required, and Petitioner is currently proceeding *pro se*, the Court orders the appointment of counsel to represent Petitioner at the hearing.

Petitioner alleges in his Motion and Memorandum that due to his counsel's failure to review evidence, he received ineffective assistance of counsel in pursuing factual objections to the presentence reports disclosed prior to his entry of a guilty plea. *Doc. 1* at 4; *doc. 2* at 1-7. Plaintiff also alleges that he received ineffective assistance during plea bargaining due to his counsel's alleged failure to communicate early plea offers or adequately advise him during plea bargaining. *Doc. 1* at 5; *doc. 2* at 7-9. An attorney's failure to adequately assist a defendant in making informed decisions based

on the mechanics of the federal sentencing guidelines may in some cases constitute ineffective assistance of counsel.  *See United States v. Washington*, 619 F.3d 1252, 1260 (10th Cir. 2010).  During plea bargaining, ineffective assistance may arise from advice to enter a plea that falls outside "the range of competence demanded of attorneys in criminal cases," *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)), or from an attorney's failure to communicate a plea offer, *Missouri v. Frye*, 566 U.S. 134, 145 (2012).  Whether Petitioner's attorney provided adequate advice concerning Petitioner's decision to pursue factual objections to the presentence reports, provided adequate advice during the plea bargaining process, and communicated early plea offers are issues of fact that cannot be conclusively determined on the Motion and records alone.  Therefore, the Court finds that an evidentiary hearing is required on Petitioner's Sixth Amendment ineffective assistance claims in Counts 1 and 2 of his Motion.  *See* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall…grant a prompt hearing thereon…").

    Although there is generally no constitutional right to counsel in seeking post-conviction relief, "there is a [statutory] right to counsel in a habeas case when the district court determines that an evidentiary hearing is required."  *Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) (citation omitted).  Specifically, counsel must be appointed if the petitioner qualifies under 18 U.S.C. § 3006A as "financially unable to obtain adequate representation."  *See* Rule 8(c) of the

Rules Governing Section 2255 Proceedings; 18 U.S.C. § 3006A(a). In Petitioner's criminal case, he was appointed counsel pursuant to the Criminal Justice Act. *See cr. docs. 10, 14*. The Court finds that these appointments constitute a determination that Petitioner is financially unable to obtain representation within the meaning of § 3006A(a). Therefore, Petitioner has a right to Court-appointed counsel in the evidentiary hearing.

**IT IS THEREFORE ORDERED** that counsel shall be appointed, in accordance with § 3006A, for the purpose of representing Petitioner at the evidentiary hearing.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE